

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

S. J. M.-D.C.; A. J. C.-M.; P.D.C.M., a
minor,

               Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

               Respondent.

Nos.  20-71799
       21-821

Agency Nos.     A209-238-527
                   A209-238-528
                   A209-238-529

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 19, 2023
San Francisco, California

Before: SCHROEDER, CALLAHAN, and BUMATAY, Circuit Judges.

Petitioners S. J. M.-D. C. and her two daughters, all citizens of El Salvador,

petition for review of the Board of Immigration Appeals' ("BIA") denial of asylum

and withholding of removal, and the BIA's denial of their motion to reopen to

---

       *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

reapply for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Substantial evidence supports the BIA's determination that Petitioners failed to establish a nexus between any harm they suffered and a protected ground. The evidence showed that S. J. M.-D.C. was targeted on account of her opposition to gangs, not on account of a political opinion. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 746–47 (9th Cir. 2008), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Although her brother was a police officer opposed to gangs, substantial evidence supports the conclusion that the family relationship was not a reason Petitioners were targeted. *Cf. Parada v. Sessions*, 902 F.3d 901, 910 (9th Cir. 2018) (holding that petitioner suffered persecution on account of a familial relationship where credible testimony established that petitioner's family was targeted because of his brother's military service). The denials of asylum and withholding of removal must be upheld.

The BIA did not err in declining to exercise discretion and consider Petitioners' humanitarian asylum claims as Petitioners did not present evidence of "a particularly severe form of past persecution." *See Benyamin v. Holder*, 579 F.3d 970, 977 (9th Cir. 2009); 8 C.F.R. § 1208.13(b)(1)(iii)(A) (The BIA may exercise discretion and grant humanitarian asylum if "[t]he applicant has

demonstrated compelling reasons for being unwilling or unable to return to the country arising out of the severity of the past persecution[.]").

The BIA denied Petitioners' motion to reopen to reapply for asylum and withholding of removal as untimely in a conclusory order. The Government has now conceded that the motion was timely. When the BIA does not provide "specific and cogent reasons" for its determination, we are left without a reasoned decision to review. *Movsisian v. Ashcroft*, 395 F.3d 1095, 1098 (9th Cir. 2005); *see Agonafer v. Sessions*, 859 F.3d 1198, 1206 (9th Cir. 2017) ("While the BIA does not have to write an exegesis on every contention, it is required to consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted.") (internal citations omitted). We therefore remand to the BIA to consider the merits of the motion to reopen as to Petitioners' asylum and withholding of removal claims in a reasoned decision.

In their motion to reopen, Petitioners also sought to reapply for protection under the CAT. The BIA denied reopening on this claim by explaining that the new evidence failed to show a likelihood of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010). We therefore do not remand the motion to reopen as to the CAT claim.

**PETITION IN 20-71799 IS DENIED. PETITION IN 21-821 IS**

**DENIED IN PART, GRANTED IN PART AND REMANDED.**